Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Steve A. Papazian, Bar No. 288097
steve@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Roxana Towry Russell, d/b/a
Roxy Russell Design*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANA TOWRY RUSSELL, d/b/a ROXY RUSSELL DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>INVECH INC; CHUN YAN ZHANG; RUYIN HE; and ONE NAIL AND LASH BAR,<br><br>Defendants. | Case No. 5:19-cv-1074<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT;**<br>3. **FALSE ADVERTISING UNDER THE LANHAM ACT;**<br>4. **COMMON LAW UNFAIR COMPETITION**<br>5. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>JURY TRIAL DEMANDED |

COMPLAINT

## **COMPLAINT**

Plaintiff Roxana Towry Russell, d/b/a Roxy Russell Design ("Roxy Russell Design" or "RRD" or "Ms. Russell" or "Plaintiff") by and through its undersigned attorneys, complains as follows:

### **Nature of Action**

1.     Roxana Towry Russell is a renowned sculptural artist and small business owner based in Pasadena, California.  Through her company Roxy Russell Design, Ms. Russell designs, manufactures, and sells various original and innovative pendant lamps.  These lamps have garnered attention and acclaim all over the world, having been featured in some of the most prominent design magazines and purchased by luxury hotels, museums, aquariums, art galleries, and private collectors.  RRD has enjoyed significant commercial success.

2.     Defendant Invech Inc ("Invech") has willfully and brazenly copied RRD's pendant lamps, leading to a significant decline in RRD's revenue and profits.

3.     Indeed, Invech has even shamelessly and wantonly copied RRD's copyrighted images of its copyrighted pendant lamps to sell its own cheap, counterfeit goods on platforms such as www.walmart.com and, on information and belief, other third-party websites.  Invech's copyright infringement, Lanham Act violations, and various other forms of unfair competition have immensely harmed and continue to harm RRD's bottom line, goodwill and reputation.

4.     By this action, RRD seeks, among other things, injunctive relief prohibiting Invech from manufacturing, marketing, and selling its infringing lamps, and to recover damages for Invech's willful copyright infringement, Lanham Act violations and other wrongful and unlawful conduct.

### **Parties**

5.     Ms. Russell is an individual artist residing in Pasadena, California doing business under the name Roxy Russell Design.

6.     Defendant Invech Inc is a California corporation.  On or around March

2

COMPLAINT

3, 2018, Invech disclosed to the Secretary of State of California that its principal executive office is located at 10399 E. Foothill Blvd., Suite 103A, Rancho Cucamonga, California 91730.

7.    Defendant Chun Yan Zhang is an individual living and working in or near Rancho Cucamonga, California, with an office and/or mailing address at 10399 E. Foothill Blvd., Suite 103A, Rancho Cucamonga, California 91730.  On information and belief, Defendant Chun Yan Zhang is also known as Zhang Chun Yan.

8.    Defendant Ruyin He is an individual living and working in or near Rancho Cucamonga, California, with an office and/or mailing address at 10399 E. Foothill Blvd., Suite 103A, Rancho Cucamonga, California 91730.  On information and belief, Defendant Ruyin He is also known as He Ruyin.

9.    Defendant One Nail and Lash Bar is a nail salon business located at 10399 E. Foothill Blvd., Suite 103A, Rancho Cucamonga, California 91730, in San Bernardino County.

10.    Defendants Invech and One Nail and Lash Bar are alter egos of one another.

11.    Defendant One Nail and Lash Bar is not a separately organized and/or incorporated business.  Instead, Defendant Invech also operates under the name "One Nail and Lash Bar," and the two entities are one in the same.

12.    There is no business or other entity registered with the California Secretary of State under the name "One Nail and Lash Bar."

13.    Instead, "One Nail and Lash Bar" is a tradename and/or alias and/or dba used by Invech to operate a nail salon.

14.    On March 3, 2018, Invech disclosed to the Secretary of State of California that it is a "mail service" business.

15.    On May 20, 2019, Invech disclosed to the Secretary of State of California that it is a "salon nail" business.

COMPLAINT

16.     To the extent One Nail and Lash Bar and Invech are separate entities, they are alter egos of one another.

17.     One Nail and Lash Bar and Invech share an office and/or business location at 10399 E. Foothill Blvd., Suite 103A, Rancho Cucamonga, California 91730.

18.     On information and belief, One Nail and Lash Bar and Invech are under common control and ownership.  For example, on information and belief, both One Nail and Lash Bar and Invech are controlled by Chun Yan Zhang.

19.     One Nail and Lash Bar and Invech hold themselves out to the public as a single enterprise. For example, Invech has disclosed to the Secretary of State of California in public filings that it operates as both a "salon nail" business and also a "mail service" business.

20.     It would be inequitable for One Nail and Lash Bar and Invech to hide behind their corporate veils.  For example, it would be inequitable for Invech and One Nail and Lash Bar to hold themselves out to the public as a single entity but then deny they are one and the same for purposes of avoiding liability and enforcement of an eventual judgment.

21.     Individual Defendants Chun Yan Zhang and Ruyin He are and/or have been during the relevant time periods of the wrongful conduct alleged herein corporate officers and/or directors of Defendants Invech and One Nail and Lash Bar.

22.     According to Invech's registration statements with the California Secretary of State, Defendant Chun Yan Zhang is and/or was Chief Executive Officer, Secretary, Chief Financial Officer, Director, and Agent for Service of Process of Invech .

23.     According to Invech's registration statements with the California Secretary of State, Defendant Ruyin He is and/or was Chief Executive Officer and Chief Financial Officer of Invech.

24.     Individual Defendants Chun Yan Zhang and Ruyin He supervise,

control and direct the wrongful activities alleged herein, and/or did so during the time periods of the wrongful conduct.

**Jurisdiction and Venue**

25.    This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq.* (copyright infringement) and 15 U.S.C. § 1121, *et seq.* (Lanham Act violations).

26.    This Court also has supplemental jurisdiction over Plaintiff's common law unfair competition and Cal. Bus. & Prof. Code § 17200 claims pursuant to 28 U.S.C. § 1367.

27.    This Court has personal jurisdiction over each Defendant because each and every Defendant is a resident of this State.

28.    The Court also has personal jurisdiction over each Defendant because, *inter alia*, each Defendant has purposefully availed itself of the rights and privileges of this State and this District and/or purposefully directed its activities towards this forum and this District.

29.    Venue is proper in this district under 28 U.S.C. § 1400(a) because, *inter alia*, Invech resides and may be found in this district.

30.    Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because, *inter alia*, Invech resides in this district and a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.

31.    For example, on information and belief, Defendant Invech's principal place of business is in Rancho Cucamonga, California.

**Factual Background**

32.    Ms. Russell is a sculptural artist based in Pasadena, CA.  She holds a Bachelor of Science in Industrial Design from Art Center College of Design in Pasadena.

33.    Ms. Russell does business under the name Roxy Russell Design ("RRD").  RRD designs, manufacturers, and sells several standalone lamps.

34.     In or around 2011, RRD began selling its pendant lamps to the public. Today, RRD offers various pendant lamp designs, including under the names Medusa, Polyp, Ophelia and Hydra.  These four works are shown below:

| Medusa | Polyp |




COMPLAINT

| Ophelia | Hydra |
|---|---|

 

35.     RRD sells lamps via, *inter alia*, its website, roxyrussell.bigcartel.com. The lamps are sold separately for $375, $450, or $475, depending on the design. RRD also sells its lamps through direct, offline transactions.

36.     RRD's commercial success has led consumers, artists and others to associate Ms. Russell's lamps and photographs of her lamps with RRD.  For example, RRD's Facebook page has thousands of followers.  Moreover, RRD's pendant lamps have received significant coverage in different media.

37.     For instance, at least the following publications have featured RRD's pendant lamps: Architectural Digest Italy; Glamour; WIRED Magazine UK; Elle Decor; IDEAT France; REDiseño; Industrial Design Served; beautiful life; and more.

38.    RRD's lamps have also appeared on television programs, such as *Pretty Little Liars* and *Extreme Makeover*.

39.    RRD's lamps have also been displayed in public areas, such as at J Crew clothing stores and at the Aquarium of the Pacific in Long Beach, California.

40.    RRD's lamps are installed and displayed in guest cabins at high-end resorts such as the W Hotel and Spa in the Maldives.

41.    RRD's lamps are also prominently displayed in the entrance of the La Rochelle Aquarium in France.

42.    RRD contracts with certain professional manufacturers in Los Angeles to manufacture different aspects of its lamps.  As needed, RRD has the capability to significantly increase production capacity to meet the demand for its pendant lamps.

43.    RRD owns a valid copyright covering its Medusa lamp, an original sculptural work.  This work was duly registered with the United States Copyright Office under Copyright Registration No. VA 1-765-597 (the "'597 Registration").  A true and correct copy of the '597 Registration is attached hereto as Exhibit A.

44.    RRD owns a valid copyright covering its Polyp lamp, an original sculptural work.  This work was duly registered with the United States Copyright Office under the '597 Registration.

45.    RRD owns a valid copyright covering its Ophelia lamp, an original sculptural work.  This work was duly registered with the United States Copyright Office under the '597 Registration.

46.    RRD owns a valid copyright covering its Hydra lamp, an original sculptural work.  This work was duly registered with the United States Copyright Office under the '597 Registration.

47.    RRD owns a valid copyright covering its photograph of the Medusa lamp, an original visual work of art. This work was duly registered with the United States Copyright Office under Registration No. VA 1-765-599 (the "'599

Registration").  A true and correct copy of the '597 Registration is attached hereto as Exhibit B.

48.     RRD owns a valid copyright covering its photograph of the Polyp lamp, an original visual work of art. This work was duly registered with the United States Copyright Office under the '599 Registration.

49.     RRD owns a valid copyright covering its photograph of the Ophelia lamp, an original visual work of art. This work was duly registered with the United States Copyright Office under the '599 Registration.

50.     RRD owns a valid copyright covering its photograph of the Hydra lamp, an original visual work of art. This work was duly registered with the United States Copyright Office under the '599 Registration.

**Invech's Unauthorized Use of Roxy Russell Design's Copyrighted Works**

51.     Invech has represented itself as a "mail service" business to the California Secretary of State.

52.     Invech also represents that it has "been selling on Walmart Marketplace since 2018."

53.     Invech further represents that it "sell[s] Generic, Meigar, Asewin, Moaere and Unbranded products in Home, Clothing and Home Improvement categories."

54.     According to Walmart's website, Invech sells over 1,000 products on its online marketplace, www.walmart.com.

55.      Invech purports to sell "Jellyfish Lampshades" and similar products on Walmart's online marketplace (www.walmart.com).  Invech includes the following description of one such product: "1Pcs Glow Ethereal Jellyfish Lampshade Ceiling Chandelier Light Pendant Hanging Lamp."  A true and correct website printout of Invech's webpage selling this product on www.walmart.com is attached hereto as Exhibit C.

56.     Invech has copied, reproduced, distributed, and/or publicly displayed RRD's copyrighted works without authorization.

57.     For example, as seen in Exhibit C and reproduced below, Invech's webpage for its "1Pcs Glow Ethereal Jellyfish Lampshade Ceiling Chandelier Light Pendant Hanging Lamp" copies, reproduces, distributes and/or publicly displays



COMPLAINT

1  several of RRD's copyrighted works, including its copyrighted photographs of

2  Medusa and Polyp:

58.     Invech caused the images on the webpage appearing above in paragraph 57 and attached hereto as Exhibit C to be reproduced, copied, and/or publicly displayed.

59.     The images on the webpage appearing above in paragraph 57 and attached hereto as Exhibit C show lamps that were designed and manufactured by Roxy Russell Design.

60.     The images on the webpage appearing above in paragraph 57 and attached hereto as Exhibit C do not show lamps that are sold by Invech through the webpage attached hereto as Exhibit C.

61.     Invech has not sought authorization from RRD to reproduce, publicly display, distribute, prepare derivative works, or in any way use any of RRD's copyrighted works.

62.     On information and belief, Invech has also reproduced, publicly displayed, distributed, prepared derivative works, used, and continues to reproduce, publicly display, distribute, prepare derivative works, and use RRD's copyrighted photographs in connection with the sale of jellyfish lamps on other www.walmart.com webpages and other online marketplaces, including eBay, Alibaba and other locations.

63.     The lamps sold by Invech are substantially similar and/or nearly identical to RRD's lamps.  For example, Invech has copied, reproduced, and sold imitation versions of at least RRD's copyrighted Hydra, Ophelia, and Medusa, lamps, as shown below.

COMPLAINT

| RRD's Copyrighted Hydra Lamp | Invech's Unauthorized Copy |
|---|---|
|  |  |

| RRD's Copyrighted Ophelia Lamp | Invech's Unauthorized Copy |
|---|---|
|  |  |

| RRD's Copyrighted Medusa Lamp | Invech's Unauthorized Copy |
| --- | --- |
|  |  |

64.     RRD has not authorized Invech to reproduce, publicly display, distribute, prepare derivative works, or in any way use any of RRD's copyrighted works.

65.     On information and belief, Invech's www.walmart.com webpages have been loaded and viewed by thousands of users in the United States.

66.     On information and belief, Invech has sold thousands of infringing products in the United States through its storefronts on www.walmart.com, eBay, Alibaba, and other online marketplaces.

**Defendants' Wrongful Conduct After Receiving Notice**

67.     Before bringing suit, Ms. Russell provided notice to Defendants of their wrongful conduct.

68.     For example, on May 15, 2019, Ms. Russell (through counsel) sent a letter to Ms. He and Ms. Zhang of Invech and One Nail and Lash Bar, providing

COMPLAINT

notice, enclosing a draft Complaint and inviting them to discuss this matter prior to filing suit.

69.     No one from Invech responded to the letter from Ms. Russell's counsel.

70.     Counsel for Ms. Russell also called Invech and/or One Nail and Lash Bar and left a message for Ms. He and Ms. Zhang, neither of whom returned counsel's call.

## COUNT I

(Copyright Infringement of Medusa Pictorial Work under 17 U.S.C. § 501 Against All Defendants)

71.     Plaintiff incorporates and realleges by reference paragraphs 1 through 70 above as if set forth in full herein.

72.     Plaintiff owns a valid copyright with respect to its Medusa pictorial work shown below, registered under the '599 Registration:



73.     Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Medusa pictorial work.

74.     On multiple occasions, Invech has copied, reproduced, publicly displayed, distributed, prepared derivative works, and/or otherwise used Plaintiff's

copyrighted Medusa pictorial work in connection with selling its own lamps online, including at www.walmart.com.

75.     Invech had access to Plaintiff's copyrighted Medusa pictorial work, which is available online.

76.     Invech directly copied the copyrighted Medusa pictorial work.

77.     Indeed, Invech has also copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Medusa photograph, giving rise to a presumption of access.

78.     Invech's unauthorized copying, reproduction, public display, distribution, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

79.     Invech's actions in violation of the Copyright Act have been knowing and willful.

80.     For example, Invech knows or should know that the Medusa pictorial work does not depict Invech's own pendant lamps, but rather the lamp of a competitor.

81.     Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

82.     Plaintiff registered its copyright in the Medusa pictorial work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

83.     Plaintiff's Medusa pictorial work has independent economic value and constitutes a separate work of art.

84.     On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Medusa Pictorial work alleged herein.

85.     On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Medusa Pictorial work—and have a financial interest in that activity.

86.     As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

87.     Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## COUNT II

(Copyright Infringement of Polyp Pictorial Work under 17 U.S.C. § 501 Against All Defendants)

88.     Plaintiff incorporates and realleges by reference paragraphs 1 through 87 above as if set forth in full herein.

89.     Plaintiff owns a valid copyright with respect to its Polyp pictorial work shown below, registered under the '599 Registration:



90.    Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Polyp pictorial work.

91.    On multiple occasions, Invech has copied, reproduced, publicly displayed, distributed, prepared derivative works, and/or otherwise used Plaintiff's copyrighted Polyp pictorial work in connection with selling its own lamps online, including at www.walmart.com.

92.    Invech had access to Plaintiff's copyrighted Polyp pictorial work, which is available online.

93.    Invech has directly copied the copyrighted Polyp pictorial work.

94.    Indeed, Invech has also copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Polyp photograph, giving rise to a presumption of access.

95.    Invech's unauthorized copying, reproduction, public display, distribution, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

96.     Invech's actions in violation of the Copyright Act have been knowing and willful.

97.     For example, Invech knows or should know that the Polyp pictorial work does not depict Invech's own pendant lamps, but rather the lamp of a competitor.

98.     Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

99.     Plaintiff registered its copyright in the Polyp pictorial work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

100.    Plaintiff's Polyp pictorial work has independent economic value and constitutes a separate work of art.

101.    On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Polyp Pictorial work alleged herein.

102.    On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Polyp Pictorial work—and have a financial interest in that activity.

103.    As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

104.    Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein

and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## COUNT III

(Copyright Infringement of Hydra Pictorial Work under 17 U.S.C. § 501 Against All Defendants)

105.   Plaintiff incorporates and realleges by reference paragraphs 1 through 104 above as if set forth in full herein.

106.   Plaintiff owns a valid copyright with respect to its Hydra pictorial work shown below, registered under the '599 Registration:



107.   Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Hydra pictorial work.

108.   On multiple occasions, Invech has copied, reproduced, publicly displayed, distributed, prepared derivative works, and/or otherwise used Plaintiff's copyrighted Hydra pictorial work in connection with selling its own lamps online, including at www.walmart.com.

109.   Invech had access to Plaintiff's copyrighted Hydra pictorial work, which is available online.

110.   Invech has directly copied the copyrighted Hydra pictorial work.

111.   Indeed, Invech has also copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Hydra photograph, giving rise to a presumption of access.

112.   Invech's unauthorized copying, reproduction, public display, distribution, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

113.   Invech's actions in violation of the Copyright Act have been knowing and willful.

114.   For example, Invech knows or should know that the Hydra pictorial work does not depict Invech's own pendant lamps, but rather the lamp of a competitor.

115.   Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

116.   Plaintiff registered its copyright in the Hydra pictorial work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

117.   Plaintiff's Hydra pictorial work has independent economic value and constitutes a separate work of art.

118.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Hydra Pictorial work alleged herein.

119.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Hydra Pictorial work—and have a financial interest in that activity.

120.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

121.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## COUNT IV

(Copyright Infringement of Ophelia Pictorial Work under 17 U.S.C. § 501 Against All Defendants)

122.   Plaintiff incorporates and realleges by reference paragraphs 1 through 121 above as if set forth in full herein.

123.   Plaintiff owns a valid copyright with respect to its Ophelia pictorial work shown below, registered under the '599 Registration:



124.   Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Ophelia pictorial work.

125.   On multiple occasions, Invech has copied, reproduced, publicly displayed, distributed, prepared derivative works, and/or otherwise used Plaintiff's copyrighted Ophelia pictorial work in connection with selling its own lamps online, including at www.walmart.com.

126.   Invech had access to Plaintiff's copyrighted Ophelia pictorial work, which is available online.

127.   Invech has directly copied the copyrighted Ophelia pictorial work.

128.   Indeed, Invech has also copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Ophelia photograph, giving rise to a presumption of access.

129.   Invech's unauthorized copying, reproduction, public display, distribution, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

130.   Invech's actions in violation of the Copyright Act have been knowing and willful.

131.   For example, Invech knows or should know that the Ophelia pictorial work does not depict Invech's own pendant lamps, but rather the lamp of a competitor.

132.   Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

133.   Plaintiff registered its copyright in the Ophelia pictorial work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

134.   Plaintiff's Ophelia pictorial work has independent economic value and constitutes a separate work of art.

135.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Ophelia Pictorial work alleged herein.

136.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Ophelia Pictorial work—and have a financial interest in that activity.

137.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

138.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## COUNT V

(Copyright Infringement of Medusa Sculptural Work under 17 U.S.C. § 501 Against All Defendants)

139.   Plaintiff incorporates and realleges by reference paragraphs 1 through 138 above as if set forth in full herein.

140.   Plaintiff owns a valid copyright with respect to its Medusa sculptural work, registered under the '597 Registration.

141.   Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Medusa sculptural work.

142.   Invech manufactures, markets, displays, and sells lamps that are substantially similar and/or nearly identical to Plaintiff's copyrighted Medusa sculptural work.

143.   For example, SKU935698-14773964, referenced as "Pendant Light Made of PVC" is substantially similar and/or nearly identical to Plaintiff's original Medusa sculptural work.

144.   Both Plaintiff's copyrighted work and Invech's SKU935698-14773964 work have crowns made of similarly-shaped and/or nearly identical elongated, ridged and interleaving pieces.

145.   Both Plaintiff's copyrighted work and Invech's SKU935698-14773964 work also have three sets of pendant, tentacle-like elongated pieces, two of which are substantially the same length and a third set that is shorter.  With respect to the two sets of elongated pieces that are substantially the same length, one set includes substantially rectangular pieces with substantially parallel sides, whereas the other set includes substantially rectangular shaped pieces with substantially oval-shaped

regions.  With respect to the third, shorter set of elongated pieces, both works contain a set of elongated pieces that are substantially rectangular with substantially parallel sides.

146.   The similarities noted herein are illustrative and several other similarities exist between Plaintiff's copyrighted work and Invech's infringing works.

147.   Invech had access to Plaintiff's copyrighted Medusa sculptural work and/or pictorial depictions of this work, which are available online and have been directly copied by Invech.

148.   Indeed, Invech has also copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Medusa pictorial work, giving rise to a presumption of access.

149.   Invech's unauthorized copying, reproduction, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

150.   Invech's actions in violation of the Copyright Act have been knowing and willful.

151.   Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

152.   Plaintiff registered its copyright in the Medusa sculptural work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

153.   Plaintiff's Medusa sculptural work has independent economic value and constitutes a separate work of art.

154.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Medusa sculptural work alleged herein.

155.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Medusa sculptural work—and have a financial interest in that activity.

156.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

157.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## COUNT VI

(Copyright Infringement of Hydra Sculptural Work under 17 U.S.C. § 501 Against All Defendants)

158.   Plaintiff incorporates and realleges by reference paragraphs 1 through 157 above as if set forth in full herein.

159.   Plaintiff owns a valid copyright with respect to its Hydra sculptural work, registered under the '597 Registration.

160.   Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Hydra sculptural work.

161.   Invech manufactures, markets, displays, and sells lamps that are substantially similar and/or nearly identical to Plaintiff's copyrighted Hydra sculptural work.

162.    For example, SKU935698-14967155, referenced as "Pendant Light Made of PVC" is substantially similar and/or nearly identical to Plaintiff's original Hydra sculptural work.

163.    Both Plaintiff's copyrighted work and Invech's SKU935698-14967155 work have crowns made of similarly-shaped and/or nearly identical elongated, ridged and interleaving pieces.  Both works also have two sets of pendant, tentacle-like elongated pieces, which are substantially the same length.  One set of such pieces includes substantially rectangular pieces with substantially parallel sides, whereas the other set includes substantially rectangular shaped pieces with substantially circle-shaped regions.

164.    The similarities noted herein are illustrative and several other similarities exist between Plaintiff's copyrighted work and Invech's infringing works.

165.    Invech had access to Plaintiff's copyrighted Hydra sculptural work and/or pictorial depictions of this work, which are available online and have been directly copied by Invech.

166.    Indeed, Invech has also copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Hydra pictorial work, giving rise to a presumption of access.

167.    Invech's unauthorized copying, reproduction, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

168.    Invech's actions in violation of the Copyright Act have been knowing and willful.

169.    Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

170.   Plaintiff registered its copyright in the Hydra sculptural work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

171.   Plaintiff's Hydra sculptural work has independent economic value and constitutes a separate work of art.

172.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Hydra sculptural work alleged herein.

173.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Hydra sculptural work—and have a financial interest in that activity.

174.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

175.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## **COUNT VII**

(Copyright Infringement of Ophelia Sculptural Work under 17 U.S.C. § 501 Against All Defendants)

176.   Plaintiff incorporates and realleges by reference paragraphs 1 through 175 above as if set forth in full herein.

177.   Plaintiff owns a valid copyright with respect to its Ophelia sculptural work, registered under the '597 Registration.

178.   Plaintiff has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyright in the Ophelia sculptural work.

179.   Invech manufactures, markets, displays, and sells lamps that are substantially similar and/or nearly identical to Plaintiff's copyrighted Ophelia sculptural work.

180.   For example, SKU935698-14967156, referenced as "Pendant Light Made of PVC" is substantially similar and/or nearly identical to Plaintiff's original Ophelia sculptural work.

181.   Both Plaintiff's copyrighted work and Invech's SKU935698-14967156 work have two-part crowns made of an eight-part upper crown with four perforated leaf-shaped parts and four shorter barb-shaped parts, both of which curve upward, and a lower crown of roughly bell-shaped pieces that substantially come to a point.

182.   Both Plaintiff's copyrighted work and Invech's SKU935698-14967156 work also have two sets of elongated tentacle-like pieces, one of which contains three curved pieces and another of which contains a plurality of substantially rectangular elongated pieces with oval-shaped sections.

183.   The similarities noted herein are illustrative and several other similarities exist between Plaintiff's copyrighted work and Invech's infringing works.

184.   Invech had access to Plaintiff's copyrighted Ophelia sculptural work and/or pictorial depictions of this work, which are available online and have been directly copied by Invech.

185.   Indeed, Invech has even copied, reproduced, publicly displayed, distributed, and/or otherwise used identical and/or nearly identical versions of Plaintiff's copyrighted Ophelia pictorial work, giving rise to a presumption of access.

186.   Invech's unauthorized copying, reproduction, derivative works, and/or use constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

COMPLAINT

187.   Invech's actions in violation of the Copyright Act have been knowing and willful.

188.   Invech's conduct is causing, and is likely to continue to cause, irreparable harm to Plaintiff, and Invech's unlawful conduct will continue to cause Plaintiff irreparable injury unless Invech is enjoined by this Court.  Plaintiff has no adequate remedy at law.   Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

189.   Plaintiff registered its copyright in the Ophelia sculptural work prior to Invech's infringement; thus, Plaintiff may be awarded its attorneys' fees and costs and statutory damages.

190.   Plaintiff's Ophelia sculptural work has independent economic value and constitutes a separate work of art.

191.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally engaged in the violation of Plaintiff's exclusive rights in the Ophelia sculptural work alleged herein.

192.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang supervised, and had and have the ability to supervise, Invech's infringing activity alleged herein—*e.g.*, Invech's copying and publication of the Ophelia sculptural work—and have a financial interest in that activity.

193.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages and Invech's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

194.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

## COUNT VIII

(Passing Off—False Designation of Origin in Violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a) Against All Defendants)

195.   Plaintiff incorporates and realleges by reference paragraphs 1 through 194 above as if set forth in full herein.

196.   Invech sells and markets its "Jellyfish Lampshade" products in interstate commerce, including, for example, on www.walmart.com.

197.   Invech falsely designates the origin of its "Jellyfish Lampshade" products, including those depicted in Exhibit C, by incorporating pictures of Plaintiff's pendant lamps into Invech's online listings, webpages, and other promotional materials, in order to advertise and solicit sales of its "Jellyfish Lampshade" products.

198.   By using pictures of Plaintiff's pendant lamps in their online listings, webpages, and other promotional materials, Invech has falsely represented and continues to falsely represent that Plaintiff's products are Invech's own and vice versa.

199.   The images appearing above in paragraph 57 and attached hereto as Exhibit C appear in Plaintiff's advertising materials (*e.g.*, Plaintiff's website) and depict Plaintiff's lamp products.

200.   The products sold by Invech on the webpage attached hereto as Exhibit C are not Plaintiff's pendant lamps.

201.   Invech's passing off its products as Plaintiff's products and/or false designation of origin is likely to cause confusion among consumers as to the source of goods.  For example, RRD has thousands of followers on Facebook and its lamps have been featured in publications the world over. Consumers associate RRD's distinctive images of her lamps with the products that she sells.  Invech's use of RRD's images are likely to deceive consumers regarding the source of their goods

COMPLAINT

and deceive them into buying products manufactured by someone other than RRD when they are intending to buy RRD's products.

202.   Invech's passing off of its products as Plaintiff's has proximately caused harm to Plaintiff.  For example, Invech falsely represents that its inferior products are the same as Plaintiff's pendant lamps.  On information and belief, Invech's false representation has harmed Plaintiff's reputation.  For example, Invech has received several negative reviews on www.walmart.com for its imitation products; these reviews are located on the same webpage as the pictures of Plaintiff's products. Invech's use of Plaintiff's promotional materials has also directly led to the deception of consumers and resulted in withholding of trade from Plaintiff when its rightful sales were diverted to Invech.

203.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally, willfully, and knowingly used RRD's images to market Invech's products despite knowing that they depicted RRD's products, not Invech's products.

204.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages, and Invech's profits, as well as its costs and interest.

205.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

206.   This case is exceptional and Plaintiff is entitled to an award of its attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT IX

(False Advertising in Violation of Section 43(a) of Lanham Act,

15 U.S.C. § 1125(a) Against All Defendants)

207.   Plaintiff incorporates and realleges by reference paragraphs 1 through 206 above as if set forth in full herein.

208.   Invech sells and markets its "Jellyfish Lampshade" products in interstate commerce, including, for example, on www.walmart.com.

209.   Invech advertises its "Jellyfish Lampshade" products online, including on www.walmart.com.

210.   Invech's commercial advertisements of its "Jellyfish Lampshades" contain literally false statements of fact because, *inter alia*, they purport to show the products being sold by Invech but they do not.  In other words, Invech's advertisements falsely include pictures of Plaintiff's pendant lamp products, not the "Jellyfish Lampshades" sold by Invech.

211.   Invech's commercial advertisements also misrepresent the nature, characteristics, and/or qualities of its "Jellyfish Lampshade" products.

212.   For example, Invech misrepresents that it is selling Plaintiff's high-quality pendant lamps whereas, in reality, Invech is selling inferior quality products.

213.   Invech's literally false advertisements presumptively deceive consumers. Moreover, on information and belief, consumers are deceived by Invech's false advertisements because they think they are buying Plaintiff's pendant lamps but, in reality, they are buying Invech's inferior "Jellyfish Lampshade" products.

214.   Invech's literally false advertisements are presumptively material, *i.e.*, they are likely to influence consumers purchase decisions.  Moreover, Invech knowingly misrepresents Plaintiff's product as its own, expecting to benefit from this misrepresentation in the marketplace.

215.   Invech's literally false statements also concern inherent qualities of its product, including the materials used in creating the lamps, further underscoring the

34

COMPLAINT

materiality of its false statements.  Moreover, Invech prominently displays images of Plaintiff's products on its promotional materials, further showing that these images play a material role in consumers' purchasing decisions.

216.    For example, Plaintiff's promotional materials attached hereto as Exhibit C show that Plaintiff's products are prominently displayed on these materials.

217.    Invech caused its false advertisements to enter interstate commerce by, for example, uploading images of Plaintiff's products onto its promotional materials on www.walmart.com.

218.    Plaintiff has been and is likely to continue to be injured as a direct result of Invech's false advertisements using Plaintiff's promotional images of its products.

219.    Invech's false advertisements have proximately caused harm to Plaintiff. For example, Invech falsely represents that it sells Plaintiff's products by, *inter alia*, using Plaintiff's promotional materials.  As such, Invech has deceived customers, resulting in withholding of trade and diversion of sales from Plaintiff.

220.    On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally, willfully, and knowingly used RRD's images to market Invech's products despite knowing that they depicted RRD's products, not Invech's products.

221.    As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages, and Invech's profits, as well as its costs and interest.

222.    Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

223.    This case is exceptional and Plaintiff is entitled to an award of its attorneys fees under 15 U.S.C. § 1117(a).

COMPLAINT

## COUNT X

(Common Law Unfair Competition Against All Defendants)

224.   Plaintiff incorporates and realleges by reference paragraphs 1 through 223 above as if set forth in full herein.

225.   Invech passes off its goods as those of Plaintiff by, *inter alia*, using pictures of Plaintiff's products and Plaintiff's reputation in the marketplace to sell its own lamp products.

226.   The public is likely to be deceived about the source of Invech's goods because it advertises its own products using images of Plaintiff's products.  For example, the images appearing above in paragraph 57 and attached hereto as Exhibit C appear in Plaintiff's advertising materials (*e.g.*, Plaintiff's website) and depict Plaintiff's lamp products.

227.   RRD has thousands of followers on Facebook and its lamps have been featured in publications the world over. Consumers associate RRD's distinctive images of its lamps with the products that it sells.  Invech's use of RRD's images are likely to deceive consumers regarding the source of its goods and deceive them into buying products manufactured by someone other than RRD when they are intending to buy RRD's products.

228.   Invech's passing off of its products as Plaintiff's has proximately caused harm to Plaintiff.  For example, Invech falsely represents that its inferior products are the same as Plaintiff's pendant lamps.  On information and belief, Invech's false representation has harmed Plaintiff's reputation.  For example, Invech has received several negative reviews on www.walmart.com for its imitation products; these reviews are located on the same webpage as the pictures of Plaintiff's products.  Invech's use of Plaintiff's promotional materials has also directly led to the deception of consumers and resulted in withholding of trade from Plaintiff when its rightful sales were diverted to Invech.

229.   Invech is guilty of oppression, fraud, and/or malice.  For example, Invech has exhibited a willful and conscious disregard for RRD's property rights, blatantly passing off its goods as RRD's goods.  Through its intentional misrepresentations (*e.g.*, using RRD's promotional materials to advertise its own lamp products), Invech has deprived RRD of its legal rights and caused RRD injury.

230.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally, willfully, and knowingly used RRD's images to market Invech's products despite knowing that they depicted RRD's products, not Invech's products.

231.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

232.   As a result of Invech, Ms. He, and Ms. Zhang's wrongful actions, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to its actual damages, exemplary and/or punitive damages, and Invech's profits, as well as its costs and interest.

## COUNT XI

(Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.* Against All Defendants)

233.   Plaintiff incorporates and realleges by reference paragraphs 1 through 232 above as if set forth in full herein.

234.   Invech competes with Plaintiff in the pendant lamp market.

235.   Invech has engaged in unfair, fraudulent, and/or unlawful business practices within the meaning of California's Business and Professions Code § 17200 because, in California and throughout the country, and through various channels of interstate commerce, Invech has engaged in the unauthorized use of Plaintiff's promotional materials, artistic work, and reputation in the marketplace.

236.   Invech's conduct has been anticompetitive, as well as immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

237.   Invech's conduct is not beneficial, but in any event, the harm caused by Invech's conduct outweighs any benefits.

238.   Pursuant to California's Business and Professions Code §§ 17203 & 17206, Plaintiff is entitled to injunctive relief, restitution and disgorgement of Invech's profits obtained through its unfair competitive practices, to the maximum extent permitted by law.

239.   On information and belief, individual defendants and corporate officers of Invech Ms. He and Ms. Zhang personally, willfully, and knowingly used RRD's images to market Invech's products despite knowing that they depicted RRD's products, not Invech's products.

240.   Defendant One Nail and Lash Bar is and was the alter ego and/or is and was operating as a single enterprise with Invech during all activities described herein and is jointly and severally liable for all harm, damage, and loss to Plaintiff caused by Invech, Ms. He, and Ms. Zhang.

241.   Unless enjoined, Invech, Ms. He, and Ms. Zhang will continue to compete unfairly with RRD in California, causing harm to the relevant consumers.

## **Relief Requested**

WHEREFORE, Plaintiff RRD prays that the Court enter judgment against Defendant Invech and in favor of RRD as follows:

A.     Judgment that Invech has infringed RRD's copyrighted Medusa pictorial work;

B.     Judgment that Invech has infringed RRD's copyrighted Polyp pictorial work;

C.     Judgment that Invech has infringed RRD's copyrighted Hydra pictorial work;

COMPLAINT

D.     Judgment that Invech has infringed RRD's copyrighted Ophelia pictorial work;

E.     Judgment that Invech has infringed RRD's copyrighted Medusa sculptural work;

F.     Judgment that Invech has infringed RRD's copyrighted Hydra sculptural work;

G.     Judgment that Invech has infringed RRD's copyrighted Ophelia sculptural work;

H.     An order and judgment preliminarily and permanently enjoining Defendant and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of any and all of RRD's copyrighted works;

I.     Awarding RRD compensatory and actual damages;

J.     Ordering Invech to provide an accounting of its profits;

K.     Awarding RRD actual damages under the Copyright Act or, at the election of RRD, statutory damages for Invech's copyright infringement;

L.     Increasing the award of damages because of Invech's willful infringement;

M.     Requiring Invech to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of RRD's copyrighted works, and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to RRD or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

N.      Awarding RRD punitive or exemplary damages because of Invech's oppressive, fraudulent, and malicious business practices and conduct;

O.      Awarding RRD restitution;

P.      Awarding RRD its attorneys' fees and costs;

Q.      Awarding RRD prejudgment and post-judgment interest;

Awarding such other and further relief as the Court may deem just and proper.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all claims, damages and any other issues presented herein that are triable to a jury.

DATED:  June 11, 2019          By:    */s/ Guy Ruttenberg*

Guy Ruttenberg
Steve Papazian
RUTTENBERG IP LAW, A
PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com
steve@ruttenbergiplaw.com
*Attorneys for Plaintiff*

COMPLAINT